UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDUR-SHAKUR GHANI,

      Petitioner,                                 Hon. Richard Alan Enslen

v.                                             Case No. 1:02-CV-715

BARBARA BOUCHARD,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

      This matter is before the Court on Ghani's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the Court recommends that Ghani's petition be **denied**.

## BACKGROUND

      In 1990, Petitioner was convicted of unarmed robbery, assault with the intent to commit murder, and two counts of first degree criminal sexual conduct.  He was sentenced to 10-15 years for unarmed robbery, life in prison for assault with the intent to commit murder, and 65-130 years for each criminal sexual conduct conviction.  Ghani's petition does not challenge any of these convictions or the sentences resulting therefrom.  On August 2, 2000, Petitioner was convicted of a major misconduct violation for rioting or striking, or inciting a riot or strike.  Petitioner was sentenced to 30 days detention. Ghani's petition for writ of habeas corpus challenges this major misconduct violation.

Petitioner appealed his conviction to the Ionia County Circuit Court, asserting the following claims:

I.      The hearing was not conducted pursuant to applicable statutes or policies and rules of the department and deviation from applicable statutes, policies and rules resulted in material prejudice.

II.     Due process rights of the Petitioner have been violated.

III.    The decision is not supported by competent, material and substantial evidence on the whole record.

IV.    The hearing officer was personally biased against Petitioner's right to equal protection of the law under our United States Constitution and application of the rules and hearings process.

As part of his appeal, Petitioner moved the circuit court for a waiver of the applicable filing fee. The circuit court concluded that Petitioner did not possess the resources to pre-pay the filing fee. Finding that Petitioner was not completely without resources, however, the circuit court ordered Petitioner to pay the filing fee in monthly installments of $1.00 (one dollar), with the initial payment (of one dollar) being due within 21 days. The court informed Petitioner that failure to timely pay the initial filing fee would result in his appeal not being filed. Petitioner failed to pay the one dollar initial filing fee and, therefore, his appeal was never accepted for filing by the circuit court.

Petitioner appealed this determination to the Michigan Court of Appeals, asserting the following claim:

I.      The Circuit Court Judge Charles H. Meil abused his discretion and denied the appellant access to court under the United States constitutional amendments 1, 5, and 14, Michigan Constitution of 1963, Article 1, § 5 and 13, when he:

       A.     required the appellant to prepay a filing fee before the commencement of his petition for judicial review, and

       B.     cited no conclusion of law or supporting authority in his judgment order.

As part of this appeal, Petitioner requested that the court waive the applicable filing fee. The Court of Appeals denied Petitioner's request to waive the filing fee, but informed Petitioner that he would be permitted to pay the filing fee in monthly installments. *Ghani v. Department of Corrections*, Order, No. 232641 (Mich. Ct. App., Mar. 14, 2001). The court did not require Petitioner to file an initial filing fee, but Petitioner was instructed that "for an appeal to be filed, [Petitioner] shall submit a copy of this order and refile the pleadings within 21 days of the certification of this order." *Id.* Petitioner failed to comply with this requirement and, therefore, the Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction. *Ghani v. Department of Corrections*, Order, No. 232641 (Mich. Ct. App., Apr. 18, 2001). Petitioner did not appeal this determination to the Michigan Supreme Court. (Dkt. #18).

Asserting the same issue, Petitioner later submitted in the Michigan Court of Appeals a delayed application for leave to appeal the decision of the Ionia County Circuit Court rejecting his appeal. The Court of Appeals dismissed Petitioner's application. *Ghani v. Department of Corrections*, Order, No. 237904 (Mich. Ct. App., Dec. 13. 2001). Petitioner then moved in the Michigan Supreme Court for leave to appeal this determination, a request which was likewise denied. *Ghani v. Department of Corrections*, Order, No. 237904 (Mich., July 29, 2002). On October 7, 2002, Ghani filed in this Court a petition for writ of habeas corpus. (Dkt. #1). In his petition, Ghani asserts the following claims:

       I.     Petitioner was denied his due process of law in violation of the first, fifth, sixth, and fourteenth amendments to our United States Constitution, when the state courts refused and impeded his access to the filing and having heard his

judicial review pleadings for the sole reason that the Petitioner could not "prepay" a filing or partial filing fee.

II.    Petitioner's misconduct guilty finding is based upon insufficient evidence and was not conducted pursuant to applicable statutes, rules, policies and constitutional law which resulted in material prejudice to Petitioner, ultimately denied his "actual innocence" and "duress" defense, and in violation of his fifth, sixth, and fourteenth constitutional bill of rights, Michigan Constitution of 1963, Article I, section 2 and 17.

III.   ALJ Spurgis was personally biased against Petitioner's right to equal protection of the law under our United States Constitution and application of the rules and hearings process, and follows a 12-point system that is coined "The Irrebuttable Presumption of Credibility," which ultimately resulted in material prejudice to Petitioner.

## STANDARD OF REVIEW

Ghani's petition, filed October 7, 2002, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

(d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

-4-

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases

but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

The deferential standard articulated by the AEDPA, however, does not apply if the state has failed altogether to review a particular claim. As the Sixth Circuit has indicated, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts a *de novo* review. *See McKenzie*, 326 F.3d at 727; *see also Wiggins v. Smith*, 123 S. Ct. 2527, 2542 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

### I.        Exhaustion

Before seeking habeas relief in the federal courts, Petitioner must first exhaust in the state courts those claims upon which habeas relief is sought.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1).  Exhaustion requires that Petitioner provide the "highest court in the state" a "full and fair opportunity" to pass upon his claim that his federal rights have been violated.  *Rust v. Zent* 17 F.3d 155, 160 (6th Cir. 1994); *see also*, *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (petitioners must "fairly present" their federal habeas claims to the state courts).

The record contains no evidence that Petitioner has properly exhausted any of the claims asserted in his petition for writ of habeas corpus.  In fact, the record contains no evidence that Petitioner has presented *any* claim regarding his major misconduct conviction to the Michigan Supreme Court. This failure notwithstanding, the Court shall nonetheless address the merits of the claims presented by Ghani's petition.  *See* 28 U.S.C. § 2254(B)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

### II.        Due Process Claim  (Habeas Claim I)

Petitioner asserts that his due process rights were violated when the Ionia County Circuit Court declined to address the merits of the appeal of his major misconduct violation for failure to pay the one dollar initial filing fee.  This claim fails for several reasons.

First, as noted above, Petitioner never presented his claims regarding his prison misconduct violation to the Michigan Court of Appeals or the Michigan Supreme Court.  Thus, there

is no basis for Petitioner to assert that his due process rights were violated for failure to address the merits of the appeal of his major misconduct violation where Petitioner never presented such claims to the Michigan Court of Appeals or the Michigan Supreme Court.

Second, the Constitution is not offended by the requirement that Petitioner pay the relevant appellate filing fee through monthly installments, including an initial partial filing fee. *See White v. Paskiewicz*, 89 Fed.Appx. 582, 583 (6th Cir., March 12, 2004) (citing *Hampton v. Hobbs*, 106 F.3d 1281, 1284-88 (6th Cir. 1997)).

Finally, this claim is not cognizable on habeas review. Petitions for writ of habeas corpus are limited to challenging "the validity of any confinement or to the particulars affecting its duration." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). The issue presented by this particular claim does not impact the validity of Petitioner's confinement, but instead implicates Petitioner's ability to properly exhaust the claims asserted in his petition.

While federal law requires Petitioner to properly exhaust the claims presented in his petition for writ of habeas corpus, the law also excuses the failure to exhaust where there exists "an absence of available State corrective process," or where "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Because Petitioner never even attempted to present the issues in his habeas petition to the Michigan Court of Appeals or the Michigan Supreme Court, however, he fails to qualify for either of these exceptions. However, even if Petitioner did qualify for one of these exceptions (because the state's highest court refused to address the merits of his claim for failure to pay the initial filing fee) such does not entitle him to habeas relief. At most, it would simply entitle Petitioner to have his failure to exhaust excused and the merits of his claims addressed in this Court.

III.                **Insufficient Evidence Claim** (Habeas Claim II)

Petitioner asserts that there does not exist sufficient evidence to support his major misconduct violation for rioting or striking, or inciting a riot or strike. Respondent asserts that this claim is not cognizable because it does not challenge the fact or length of Petitioner's confinement. The Court concludes that this claim is cognizable, but nonetheless without merit.

In *Muhammad v. Close*, 540 U.S. 749 (2004), the Court observed that while a conviction in a prison disciplinary proceeding "may affect the duration of time to be served (by bearing on the award or revocation of good-time credits)" such is not necessarily the case. *Id.* at 754. As the Court indicated, the effect of disciplinary proceedings on good-time credits is "a matter of state law or regulation." *Id.*

Under Michigan law, a prisoner automatically suffers a loss of good-time credits "during any month in which [he] is found guilty of having committed a major misconduct."[1] Mich. Comp. Laws § 800.33(5); *see also*, *Shavers v. Stapleton*, 2004 WL 1303359 at *1 (6th Cir., June 9, 2004). Thus, a conviction for a major misconduct violation, by resulting in the loss of good-time credits, serves to lengthen the prisoner's sentence.[2] In such a circumstance, habeas corpus is the proper vehicle by which to challenge the validity of the major misconduct violation. *See Muhammad*, 540 U.S. at 750-55.

---

[1] While Petitioner has not expressly asserted a loss of good time credits, Respondent has not presented evidence that Petitioner did not suffer a loss of good time credits as a result of his major misconduct conviction. Accordingly, in light of Michigan law, the Court concludes that this claim is presently cognizable.

[2] Despite the fact that Petitioner is presently serving a life sentence for his conviction for assault with the intent to commit murder (in addition to his other non-life sentences), Petitioner is nonetheless entitled to receive good-time credits. First, Petitioner is entitled to receive good-time credits as to each of the several offenses for which he has been convicted. *See* Mich. Comp. Laws §§ 800.33(5); 791.233b. Furthermore, because Petitioner is serving a *non-mandatory* life sentence, he is (or will become) eligible for consideration for parole. *See* Mich. Comp. Laws § 750.83; *People v. Clark*, 366 N.W.2d 62, 66 (Mich. Ct. App. 1985).

Generally, claims challenging the sufficiency of the evidence presented to support a conviction are governed by the standard articulated in *Jackson v. Virginia*, 443 U.S. 307 (1979), pursuant to which it must be determined whether viewing the evidence in the light most favorable to the prosecution and according the benefit of all reasonable inferences to the prosecution, any rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2000) (citing *Jackson*, 443 U.S. at 324). A much different standard applies, however, where a habeas petitioner challenges a prison misconduct violation.

In *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), the Court addressed the issue of "whether findings of a prison disciplinary board that result in the loss of good time credits must be supported by a certain amount of evidence in order to satisfy due process." *Id.* at 453. In this respect, the Court recognized that because the loss of good time credits extends the length of imprisonment, "the inmate has a strong interest in assuring that the loss of good time credits is not imposed arbitrarily." *Id.* at 454. The Court further recognized, however, that this interest

> must be accommodated in the distinctive setting of a prison, where disciplinary proceedings take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so. Consequently, in identifying the safeguards required by due process, the Court has recognized the legitimate institutional needs of assuring the safety of inmates and prisoners, avoiding burdensome administrative requirements that might be susceptible to manipulation, and preserving the disciplinary process as a means of rehabilitation.

*Id.* at 454-55.

Recognizing that the revocation of good time credits "is not comparable to a criminal conviction," the Court concluded that the requirements of due process are satisfied if "some evidence" supports the disciplinary decision which results in the loss of good time credits. *Id.* at 455. The Court

-10-

further held that "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached." *Id.* at 455-56.  Recent Sixth Circuit decisions confirm the applicability of the *Hill* Court's decision.  *See Sarmiento v. Hemingway*, 93 Fed.Appx. 65 (6th Cir., Mar. 15, 2004); *Humphreys v. Hemingway*, 77 Fed.Appx. 788 (6th Cir., Sept. 15, 2003).

The Michigan Department of Corrections defines rioting or striking, or inciting a riot or strike as

> Advocating or instigating actions which are intended to seriously endanger the physical safety of the facility, persons, or property or to disrupt the operation of the facility by group cessation of normal activity; participation in such action; joining others in unauthorized work stoppage.

Mich. Dep't of Corr., Policy Directive 03.03.105, Attachment B (effective January 1, 1999).

According to the officer who charged Petitioner with this violation, Petitioner refused to leave the exercise yard when ordered to do so  and instead "joined other inmates who refused to leave the yard until their demands were met." (Dkt. #20).  The officer "spoke with these inmates on 3 separate occasions, giving them direct orders to return to the blocks and lock up."   As the officer further indicated, however, "all inmates including [Petitioner] refused to move off the yard." *Id.*  Finding the reporting officer's report to be credible and persuasive, the hearing officer determined that Petitioner was guilty of the charged violation.  (Dkt. #21).  This evidence easily satisfies the "some evidence" standard articulated above.  Thus, the Court finds this claim to be without merit.

**IV.**          **Judicial Bias Claim**  (Habeas Claim III)

Petitioner claims that the hearing officer who found him guilty of the major misconduct violation was personally biased against him.  Respondent asserts that this claim is not cognizable because it does not challenge the fact or length of Petitioner's confinement.  For the reasons discussed above, the Court finds that because this claim implicates the validity of Petitioner's major misconduct violation this claim is presently cognizable.

To establish that the hearing officer was unconstitutionally biased against him, Petitioner must demonstrate that the hearing officer possessed "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Brandt v. Curtis*, 138 Fed.Appx. 734, 741 (6th Cir., July 7, 2005) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

As evidence of bias on the part of the hearing officer, Petitioner simply points to the fact that the hearing officer found the testimony of corrections officers more credible than his own testimony. However, Petitioner has identified no specific conduct by the hearing officer to support his conclusion that the hearing officer's credibility determination was premised upon impermissible considerations. In sum, Petitioner's claim is premised upon a conclusion unsupported by any factual allegations.  Such a conclusion hardly satisfies the standard identified above.  Thus, the Court concludes that this claim is without merit.

## <u>CONCLUSION</u>

For the reasons articulated herein, the Court concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the Court recommends that Ghani's petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 30, 2006                     /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          United States Magistrate Judge